IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.: 1:20-CR-00052 |
| | ) | |
| v. | ) | JUDGE DAN A. POLSTER |
| | ) | |
| BENJAMIN SPROUSE, | ) | |
| | ) | |
| Defendant. | ) | **OPINION AND ORDER** |
| | ) | |

Before the Court is Defendant Benjamin Sprouse's Motion for Compassionate Release. ECF Docs. 28 and 31.

**I.   Background**

Benjamin Sprouse was indicted on January 28, 2020, in a one-count indictment. ECF Doc. 1. Sprouse was charged with possession with intent to distribute methamphetamine. *Id*. Sprouse subsequently plead guilty to the count. *See* September 3, 2020 non-document Order. Sprouse was sentenced to 27 months incarceration along with three (3) years of supervised release. ECF Doc. 26. Sprouse is currently being held at FCI Cumberland with a release date of January 27, 2022.[1]

On July 12, 2021, Sprouse petitioned the Court to grant him Compassionate Release. ECF Doc. 28. Sprouse is forty-five (45) years old and has an eight-year-old son with autism spectrum disorder (ASD) who is currently in a foster home as his mother has been deemed unfit to care for him due to her severe drug addiction. ECF Doc. 31 at 2. The Cuyahoga County Division of Children and Family Services (CCDFS) is currently in proceedings to permanently retain custody

---

[1] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/.

1

of his son with a trial date of September 2, 2021. *Id;* ECF Doc. 32. Given the swiftly approaching trial date, Mr. Sprouse asks the Court to grant compassionate release. *Id*. at 2.

## II.     Discussion[2]

Compassionate release is authorized by 18 U.S.C. § 3582(c)(1). When a defendant is under 70 years old and has served less than 30 years in prison, several requirements must be met to warrant a sentence modification. § 3582(c)(1)(A).  First, a court must find that "extraordinary and compelling reasons warrant such a reduction." *Id*. Second, the court must find that the reduction in sentence is warranted upon consideration of "the factors set forth in §3553(a) to the extent that they are applicable." § 3582(c)(1)(A).[3]

### A. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) authorizes the modification of a sentence of imprisonment if "extraordinary and compelling reasons warrant such reduction" and "after considering the factors set forth in section 3553(a)." While district courts consider "applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet promulgated an applicable policy statement to prisoner-brought motions for compassionate release. *See United*

---

[2] Before filing a motion for compassionate release, defendants must satisfy 18 U.S.C. §3582(c)(1)(A)(i)'s exhaustion requirement. In the case at hand, there is no dispute that Sprouse fully exhausted all administrative remedies before filing his Motion with the Court. Therefore, the Court moves directly to the merits.

[3] Compassionate release is only appropriate upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). Sprouse was sentenced to 27 months in prison. ECF Doc. 26. Sprouse has less than five (5) months of his sentence remaining. With this in mind, the Court finds that the almost two (2) years (more than 75% of his sentence) Sprouse already served in prison is adequate to achieve the original sentence's purpose in terms of reflecting the seriousness of the offense, promoting respect for law, providing just punishment, and providing a deterrent effect. *See* 18 U.S.C. § 3553(a)(2); *see also United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives"); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (noting that several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). When a court initially considers the § 3553(a) factors during sentencing, the court need not pen a lengthy opinion regarding 3553(a) factors. *See United States v. Jones*, 2020 U.S. App. LEXIS 36620, at *30 ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors."). Given these facts, the § 3553(a) factors weigh in favor of granting Sprouse compassionate release.

*States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021); *see also United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. Nov. 20, 2020). District courts therefore have full discretion to determine whether an extraordinary and compelling reason justifies release. *See Jones*, 980 F.3d at 1109 ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

Mr. Sprouse has an eight-year-old son who has ASD. As a result, Sprouse's son requires specialized care. The mother of Sprouse's son, Vivian Lee, has a severe drug addiction and has been deemed unfit to care for the child. ECF Doc. 31 at 2. Currently, Ms. Lee is not involved in her son's life and is apparently unable to be located. *Id*. at 3. As a result, CCDFS is currently in proceedings to permanently retain custody of his son with a trial date of September 2, 2021. ECF Doc. 32.

Mr. Sprouse's son is currently residing with a foster parent. Sprouse contends that CCDFS intends to grant Mr. Sprouse custody when he is released from BOP custody. ECF Doc. 31 at 3. The Government contends that if the state family court finds that it is in Sprouse's son's best interest to delay the custody proceedings until Sprouse completes his prison sentence, then it would have done so. ECF Doc. 35 at 10. Further, the Government notes Sprouse's long history of drug abuse and asserts that Sprouse's son is in better hands than he has been in a long time. Id. at 10-13. More importantly, the Government asserts that the potential for Sprouse to gain custody of his son is not as clear as he indicates.

At the outset, the Court acknowledges the emotional pain Sprouse is experiencing, dealing with the possibility of losing custody to his son. However, the Court is inclined to agree with the Government. While incapacitation of a caretaker of Sprouse's minor child can constitute

extraordinary and compelling reasons warranting release for Sprouse, at the moment, Sprouse being the potential caretaker of his son is merely theoretical because he did not have custody of his son prior to being incarcerated nor does Sprouse provide any proof that CCDFS or the state court handling Sprouse's son's case determined that Sprouse can gain custody of his son if released from prison. If the state court handling Sprouse's son's case, after thoroughly reviewing and investigating Sprouse's record, determines that Sprouse is fit to be deemed the sole provider for his son, I will release him, provided that he could demonstrate that he has a release plan including a place to live for him and his son, means for income, and support. Sprouse with the assistance of his counsel shall arrange to attend his son's state court hearing through video conference on September 2, 2021. If Sprouse provides proof from the state court indicating that he is likely to get primary custody of his son, then such proof will be enough to demonstrate extraordinary and compelling reasons warranting release.

### III.   Conclusion

Defendant Benjamin Sprouse with the assistance of his counsel shall arrange to attend his son's state court hearing through video conference on September 2, 2021. If Sprouse provides the Court with proof from the state court indicating that he is likely to get primary custody of his son, then such proof will be enough to demonstrate extraordinary and compelling reasons warranting release, provided that he could demonstrate that he has a release plan including a place to live for him and his son, means for income, and support.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster August 20, 2021*
**Dan Aaron Polster**
**United States District Judge**